UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BERESWILL<br><br>                            Plaintiff,<br><br>- against -<br><br>ABOVE AVERAGE PRODUCTIONS, INC.<br><br>                            Defendant. | Docket No. 17-cv-6311<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Paul Bereswill ("Bereswill" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Above Average Productions, Inc. ("Above" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of former New York Knicks player Charles Oakley owned and registered by Bereswill, a New York based professional photographer. Accordingly, Bereswill seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Bereswill is a professional photographer in the business of licensing his photographs to online and print outlets for a fee having a usual place of business at 622 South Main Street, Freeport, New York 11520.

6.     Upon information and belief, Above is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 25 West 45th Street, Suite 200, New York, New York 10036. At all times material hereto, Above has owned and operated a website at the URL: www.TheKicker.com (the "Website")

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     Bereswill photographed former New York Knicks player Charles Oakley the night he got into a fight at a game in Madison Square Garden (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Bereswill is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.     The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-035-310.

**B.     Defendant's Infringing Activities**

10.    Above ran an article on the Website entitled *NBA Players On Oakley: "We Stand With Him, Cuz We're Afraid Not To"*. See https://thekicker.com/nba-players-on-oakley-we-

stand-with-him-cuz-were-afraid-not-to. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11. The article was written by a staff writer.

12. The Photograph appears on Above's computer servers.

13. Above did not license the Photograph from Plaintiff for its article, nor did Above have Plaintiff's permission or consent to publish the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST ABOVE)
## (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Above infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Above is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Above have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**(17 U.S.C. § 1202)**

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     When the Photograph was first published in an article in the New York Post, the article contained a gutter credit which stated Paul Bereswill which is considered copyright management information protected under 17 U.S.C. § 1202(b). See Exhibit C.

23.     Upon information and belief, Above copied the Photograph from the New York Post and pasted the Photograph onto the Website and did not bring along the gutter credit to the Website.

24.     Upon information and belief, intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25.     The conduct of Above violates 17 U.S.C. § 1202(b).

26.     Above's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27.     Upon information and belief, the removal of said copyright management information was made by Above intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.  Above also knew, or should have known, that such removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

28. As a result of the wrongful conduct of Above as alleged herein, Plaintiff is entitled to recover from Above the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Above because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Above statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Above be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Above be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, in regard to the first claim Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 21, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
　　 Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Paul Bereswill*